UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Civil Case No. _____

ROBERT and VICKI SOTACK, as parents )
and legal guardians of NATHAN SOTACK, )
                                  )
           Plaintiffs, )
                                  )
           v. )
                                    )
BEDFORD SCHOOL DISTRICT, )
                                    )
           Defendant. )

**COMPLAINT**
**(Injunctive Relief Requested)**

Plaintiffs Robert and Vicki Sotack, as parents and legal guardians of Nathan Sotack, an adult with a disability, complain against Defendant Bedford School District as follows:

**<u>PARTIES AND JURISDICTION</u>**

1. Plaintiffs Robert and Vicki Sotack are the parents and legal guardians of Nathan Sotack, a young adult with a disability. Plaintiffs are, and at all relevant times have been, residents of Bedford, Hillsborough County, New Hampshire.

2. Nathan Sotack qualifies as a student with a disability within the meaning of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1401(3), and New Hampshire RSA § 186-C:2.

3. Defendant Bedford School District is the local education agency responsible under the IDEA and New Hampshire law for providing a free appropriate education to children of residents of Bedford, pursuant to 20 U.S.C. § 1413.

4.  Plaintiffs bring this action to enforce the terms of a mediation agreement entered into by the parties pursuant to the IDEA and its implementing federal and New Hampshire regulations. Specifically, Plaintiffs bring this action pursuant to 20 U.S.C. § 1415(e)(2)(F)(iii), which provides that a written agreement reached through IDEA mediation "is enforceable in any State court of competent jurisdiction or in a district court of the United States." This Court has subject matter jurisdiction of this enforcement action under that statutory provision and under 20 U.S.C. § 1415(i)(3)(A).

## FACTUAL ALLEGATIONS

5.  Plaintiffs repeat the allegations contained in Paragraphs 1 through 4.

6.  Nathan Sotack is a young adult with a disability. He is the educational responsibility of the Bedford School District.

7.  By complaint dated January 23, 2023, and delivered to Bedford on January 24, 2023, Plaintiffs commenced administrative due process proceedings under the IDEA and parallel New Hampshire law against Bedford. Their due process complaint sought to recover a compensatory education remedy from Bedford arising out of violations of Nathan's IDEA rights over the prior two years.

8.  Both parties agreed to participate in mediation pursuant to 20 U.S.C. § 1415(e) and N.H. RSA 186-C:24. They met with a mediator appointed by the New Hampshire Department of Education via Zoom on March 7, 2023, negotiated in good faith for an extended period of time, and reached the principal terms of an agreement to resolve the dispute. Bedford agreed to resolve Nathan's compensatory claim by

funding a special needs trust formed by Plaintiffs that would be used to provide him with compensatory educational services.

9.   Following the mediation, counsel for each party worked on documenting the details of the parties' mediation agreement over the next several days.

10. Counsel for Bedford prepared an initial draft of the mediation agreement on March 10, 2023. That draft included the requirement that Plaintiffs include a reversion clause in the special needs trust they would create. Under Bedford's proposal, the trust would include a reversion clause specifying that unused funds in the trust would revert to Bedford if not expended within a specified period of time.

11. After reviewing the draft mediation agreement and consulting with Plaintiffs, undersigned counsel prepared a redlined version of the agreement, which deleted the reversion language. His March 13 email to Bedford's counsel attached the redlined version of the proposed agreement and stated: "I am not going to get my clients' assent for any scenario in which the district has a continuing or reversionary interest in the trust, so let me know if that is a deal breaker."

12. Bedford responded by acquiescing and agreeing with Plaintiffs to eliminate the proposed reversion language. The parties signed the mediation agreement, without any reversion language, on March 15, 2023. Plaintiffs then notified the New Hampshire Department of Education of their withdrawal of the due process complaint with prejudice.

13. Plaintiffs identified and engaged a suitable independent trustee and formed a special needs trust for Nathan's benefit, all in accordance with the terms of the mediation agreement.

14. Consistent with the terms of the mediation agreement and the communications between counsel during the negotiation of that agreement, the trust contains no language under which funds would revert to Bedford under any scenario.

15. Bedford has refused to fund the trust in accordance with its obligations under the mediation agreement, asserting as the basis for its refusal the fact that the trust contains no reversion clause for Bedford's benefit in the event Nathan were to die before all of the trust funds are expended.

16. In failing and refusing to fund Nathan's special needs trust, Bedford is in breach of the mediation agreement.

### COUNT I
### (ENFORCEMENT OF MEDIATION AGREEMENT ENTERED INTO UNDER THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT, 20 U.S.C. § 1415, AND NEW HAMPSHIRE LAW)

17. Plaintiffs repeat the allegations set forth in Paragraphs 1 through 16.

18. For the reasons set forth above, Bedford's failure and refusal to fund Nathan's special needs trust constitutes a material breach of the parties' IDEA mediation agreement, dated March 15, 2023.

19. The IDEA authorizes this Court to enforce the terms of the mediation agreement by ordering Bedford to comply with the agreement's express terms by funding Nathan's special needs trust. *See* 20 U.S.C. § 1415(e)(2)(F)(iii).

20. Plaintiffs, on behalf of Nathan, seek injunctive relief in the form of an order requiring Bedford to comply with its obligation under the mediation agreement to fund Nathan's special needs trust, as they lack an adequate remedy at law.

WHEREFORE, Plaintiffs, as parents and legal guardians of Nathan Sotack, respectfully requests the Court to enter judgment in their favor, to include:

(a)    An order requiring the Bedford School District to fund Nathan's special needs trust in full, as required by the terms of the parties' IDEA mediation agreement, on the earliest possible date;

(b)    An order awarding them their costs, including their reasonable attorney's fees and expenses, pursuant to the IDEA, 20 U.S.C. § 1415(i)(3)(B), and related state and federal regulations; and

(c)    Such further relief as the Court may deem just and proper.

Dated:  June 21, 2023.

Respectfully submitted,

/s/ Richard L. O'Meara
Richard L. O'Meara, Bar No. 19454

Counsel for Plaintiffs

MURRAY, PLUMB & MURRAY
75 Pearl Street, P.O. Box 9785
Portland, Maine 04104-5085
(207) 773-5651